# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

|  |  |  |
|---|---|---|
| **TIMBER RIDGE RESTORATION** | * | |
| **d/b/a SERVPRO OF HUNTINGTON** | * | |
|  | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **CIVIL NO.:**  `3:12-cv-4367` |
|  | * | |
| **JIM HODGE, SARA JAROS and** | * | |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | |
|  | * | |
| **Defendants.** | * | |

---

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company ("State Farm"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] State Farm files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. State Farm respectfully shows as follows:

### I.

On July 13, 2012, Plaintiff, Timber Ridge Restoration d/b/a Servpro of Huntington, filed a lawsuit in the Circuit Court of Wayne County, State of West Virginia, entitled *Timber Ridge Restoration d/b/a Servpro of Huntington v. Jim Hodge, Sara Jaros and State Farm Fire and*

---

[1] *See* 42 U.S.C. §4001 *et seq*.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *see also*, *Battle v. Seibels Bruce Ins. Co*., 288 F.3d 596, 599 (4th Cir. 2002).

*Casualty Company*," bearing case number 11-C-229.  A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

II.

For the reasons that follow, State Farm hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article VII(R), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

**A.    REVIEW OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

1.     At paragraph 3, Plaintiff alleged on or about May 11, 2011, Plaintiff provided water damage restoration services to the residence of the Defendants.

2.     At paragraph 4, Plaintiff alleged the cost of the water restoration services rendered to Defendants totaled $12,055.80.

3.     At paragraph 5, Plaintiff alleged State Farm Fire and Casualty Company carried the homeowner's insurance policy on the home of co-Defendants, Hodge and Jaros.   Plaintiff attached as Exhibit C to the First Amended Complaint an Authorization to Repair form made under Claim number 48-NO13-432.  As evidenced by Exhibit B attached hereto, this is the claim number that State Farm assigned to the flood loss claim made under Standard Flood Insurance Policy ("SFIP") bearing policy number 97-RB-6501-2.  Thus, there can be no dispute that the contract referenced by paragraph 5 of the Plaintiff's Complaint is the SFIP issued by State Farm.

4.     At paragraphs 6 and 7, Plaintiff alleged State Farm received an itemized invoice in the amount of $12,055.88 and sent payment to co-Defendants, Hodge and Jaros.

5.     At paragraph 9, Plaintiff alleged State Farm is in breach of contract for failing to pay Plaintiff for the restoration services rendered despite Plaintiff's attempts at securing payment.

2

6.      At paragraphs 11, 12 and the prayer for relief, Plaintiff alleged Defendants are indebted to Plaintiff in the amount of $12,055.80 plus pre and post judgment interest, fees and costs.

**B.      THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

7.      Congress underwrites all operations of the NFIP through the U.S. Treasury.[4] This includes appropriations for both the adjustment of claims and the payment of those claims.[5] It also includes the operational expenses of the WYO Program carriers for handling those claims. *See* 42 U.S.C.§4018(a).  Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").[6]  *See also, Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 598-600 (4th Cir. 2002) explaining the history of the National  Flood Insurance Program.

8.      State Farm, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

9.      State Farm cannot waive, alter or amend any of the provisions of the SFIP.  *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2010 edition).

10.      Further, State Farm has no authority itself to tailor or alter NFIP policies backed by the government.  44 C.F.R. §62.23.

11.      State Farm's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government.  State Farm, in its WYO capacity, is conducting all of these

---

[4]  42 U.S.C. § 4017(d)(1).

[5]  *Id.*

[6]  42 U.S.C. §§4013, 4017, 4019.

actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

12.     All flood claim payments made by a WYO Program carrier, such as State Farm, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.  Claim payments on SFIPs are a direct charge on the United States Treasury.  *Battle*, 288 F.3d at 600.

13.     Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including State Farm.  In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

14.     Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

15.     The NFIP, SFIP, and WYO Program carriers participating in the NFIP are all governed by federal law, not state law.  *See West v. Harris,* 573 F.2d 873, 881 (5th Cir. 1978), *cert. denied,* 440 U.S. 946 (1979) wherein the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

## C.     FEDERAL FUNDS ARE AT STAKE

16.     The courts have squarely held that although the SFIP is written by a private insurance company, NFIP claims are ultimately paid out of the U.S. Treasury.  *See Battle*, 288 F.3d at 600; *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161, 165 (3rd Cir. 1998); *Newton v. Capital Assur. Co., Inc.,* 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001); and *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 955 (5th Cir. 1998).

17.     FEMA's regulations make clear that payments made by the WYO Program carriers "shall be binding upon the FIA."  44 C.F.R. §62.23(i)(1).

18.     FEMA's "Arrangement" with the Write-Your-Own Program companies (such as State Farm) also makes clear that federal funds are utilized to pay the claims directly, and not through a reimbursement mechanism.  *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D)(1), and IV(A).  *See also*, *Flick v. Liberty Mut. Fire Ins. Co*., 205 F.3d 386 at FN 10 (9th Cir. 2000), *cert denied*, 531 U.S. 927, 121 S.Ct. 305 (2000).

19.     FEMA's Arrangement with the WYO Program carriers (such as State Farm) establishes that all of its defense costs will be paid by the Program if litigation arises.  *Id*. at Art. III(C)(3), and Art. III(D)(2), respectively. *See also*, 44 C.F.R. §§62.23(i)(b) and (9).

20.     The scope of the Arrangement (44 C.F.R. Pt. 62, App. A) between the United States government and State Farm includes the "selling and administering" of standard flood insurance policies with federal funds.   44 C.F.R. Pt. 62, App. A, Art. I, (5) and (6).  These points are further made clear by the Arrangement at Articles II(A), (D) and (G).

21.    There is no question that federal funds are at stake in the handling of flood claims, the issuance of SFIPs, and the selling and marketing of NFIP flood policies.

**D.     FEDERAL JURISDICTION**

**(1).     42 U.S.C. §4072 – Original Exclusive Jurisdiction**

22.     42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the flood policy.  *See Parsons Footwear, Inc. v. Omaha Prop. and Cas. Co.*, 19 F.Supp.2d 588, 591 (N.D.W.Va. 1998) and *Southpointe Villas Homeowners Assoc. v. Scottish Ins. Agency Inc.*, 213 F.Supp.2d 586, 589 (D.S.C. 2002).

23.     Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss."  Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947) and *Heckler v. Community Health Services of Crawford County, Inc.*, 104 S.Ct. 2218 (1984).

24.     At paragraph 9, Plaintiff alleged that State Farm breached the contract.  As noted by Exhibit B, the only contract State Farm was a party in this matter is the SFIP.  Therefore, jurisdiction over this matter is exclusive to this Honorable Court.

**(2)     28 U.S.C. §1331 - Federal Question Jurisdiction**

6

25.     State Farm asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA.  As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq*.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction necessarily exists pursuant to 28 U.S.C. §1331.  *See also*, *Battle*, 288 F.3d at 606-09; *Studio Frames Ltd. v. Standard Fire Ins. Co*., 369 F.3d 376, 380 (4th Cir. 2004); and *Parsons Footwear, Inc*., 19 F.Supp.2d at 591.

26.     In Plaintiff's First Amended Complaint, it alleged that State Farm failed to pay Plaintiff for restoration services under the SFIP that State Farm issued to the co-Defendants.  *See* Plaintiff's First Amended Complaint, ¶9.  Thus, in order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive and to determine whether State Farm properly tendered U.S. Treasury funds to the correct named payee under the SFIP, the Court would necessarily have to interpret the SFIP itself as well as other federal laws, regulations and statutes.  Federal common law controls the interpretation of insurance policies issued pursuant to the National Flood Insurance Program.  *Leland v. Federal Ins. Administrator*, 934 F.2d 524, 529 (4th Cir. 1991).  As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, any amounts due under the SFIP and any exclusions found in the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

27.     Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), State Farm asserts that there are multiple federal questions presented within the Plaintiff's First Amended Complaint making the action removable pursuant to 28 U.S.C. §1331.

## E.     FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE COMPLAINT BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE

28.     Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce.  28 U.S.C. §1337 is not subject to the well-pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the Plaintiff's Complaint bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

29.     Clearly, under the NFIA, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the NFIP. As recognized in *C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co.*, 386 F.3d 263, FN3 (3rd Cir. 2004):

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq*., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

30.     Beyond the general proposition that the NFIA regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See*, *e.g.,* 42 U.S.C. §§4013(a) and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's First Amended Complaint, and so removal of that Complaint is proper pursuant to 28 U.S.C. §1337.

## F.      SEPARATE AND INDEPENDENT CLAIM

31.     Plaintiff's assertions as State Farm having breached the contract and its alleged duty to Plaintiff will require the Court to interpret federal constitutional, regulatory and statutory law, as well as the SFIP, which is itself a codified federal regulation.   Therefore, Plaintiff's request can only be addressed by a federal court.  More particularly:

     a.      The SFIP issued by State Farm is governed by federal law and flood claims are paid with U.S. Treasury funds;

     b.      The claims against the co-Defendant are based upon and governed by state law;

     c.      Plaintiff's claims as to how State Farm handled the SFIP and how it determined payment of U.S. Treasury funds are independent of Plaintiff's other claims; as such, Plaintiff's claims can only be removed by the WYO Program carrier State Farm;

     d.      Plaintiff's assertion as to State Farm's "failure" to pay to Plaintiff amounts under the flood policy requires the Court to interpret the SFIP, itself a codified at 44 C.F.R. Pt. 61, App. A(1), which requires interpretation of federal law.

32.     Removal of such claims are removable pursuant to 28 U.S.C. §1331(c), which provides in pertinent part as follows:

    (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates.

33.     For the reasons discussed herein, Plaintiff's claims as to State Farm's non-payment of policy proceeds under an SFIP raise federal questions that are separate and independent from the claims made against the other Defendant.  Therefore, consent to removal of the other Defendant is not required under 28 U.S.C. §1441(c).

## G.     THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

34.     To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

35.     All of the claims put at issue in the Plaintiff's First Amended Complaint arise from the payment of U.S. Treasury funds.  As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See*, *e.g.*, *Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness.  *Id.* at 514.

## H.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

36.     State Farm notes that its first knowledge or notice of the suit was on July 16, 2012 when it was served through the Secretary of State, a copy of which is attached hereto as part of Exhibit A.

37.     As the claims against State Farm are separate and independent of the claims against the co-Defendants, the co-Defendant's consent to this removal is not required.

38.     This Notice of Removal is being filed on August 15, 2012.  Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

39.     Venue is proper in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §1391(b), 42 U.S.C. §4072, and 44 C.F.R. Pt. 61, App. A(1), Article VII(R), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

40.     Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on State Farm to date.

## CONCLUSION

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated:  August 15, 2012.

STATE FARM FIRE AND CASUALTY
COMPANY

By Counsel


_____/s/ Sabrena Olive Gillis_____
Sabrena Olive Gillis #6942
Charles S. Piccirillo #2902
Shaffer & Shaffer
2116 Kanawha Boulevard, East
Post Office Box 3973
Charleston, West Virginia 25339-3973
Telephone:  (304) 344-8716
*Counsel for Defendant, State Farm Fire*
*and Casualty Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **TIMBER RIDGE RESTORATION** | * | |
| **d/b/a SERVPRO OF HUNTINGTON** | * | |
| | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **CIVIL NO.:** |
| | * | |
| **JIM HODGE, SARA JAROS and** | * | |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | |
| | * | |
| **Defendants.** | * | |

_____

CERTIFICATE OF SERVICE

    I, Sabrena Olive Gillis, counsel for State Farm Fire and Casualty Company, do hereby certify that on this 15th day of August, 2012, I electronically filed the Certificate of Service for NOTICE OF REMOVAL with the Clerk of the Court using CM/ECF system and mailed a copy of the pleading to:

Steven M. Bragg, Esq.
ORNDORFF & HATFIELD
99 Cracker Barrel Drive, Suite 100
Barboursville, WV  25504

Jim Hodge
Sara Jaros
3639 Hughes Street
Huntington,
WV  25704

       /s/    Sabrena Olive Gillis